UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BISSO MARINE, LLC and<br>BISSO PROPERTIES, INC.<br><br>VERSUS<br><br>QUANTA MARINE SERVICES, LLC | CIVIL ACTION NO.<br><br>SECTION "__," MAG. ___<br><br>JUDGE<br><br>MAGISTRATE |

**COMPLAINT**

NOW INTO COURT, through undersigned counsel, come Plaintiffs, Bisso Marine, LLC ("Bisso Marine") and Bisso Properties, Inc. ("Bisso Properties") (Bisso Marine and Bisso Properties collectively, "Bisso" or "Plaintiff"), and for their Complaint against Defendant, Quanta Marine Services, LLC ("Quanta" or "Defendant"), and stating an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, respectfully represent upon information and belief as follows:

1.

This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based on 28 U.S.C. § 1333 and 46 U.S.C. § 30101, as well as supplemental jurisdiction under 28 U.S.C. §1367(a). Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(b).

2.

Plaintiff Bisso Marine is a Louisiana limited liability company, registered to do and doing business in Louisiana, and Plaintiff Bisso Properties is a Louisiana corporation, registered to do and doing business in Louisiana.

3.

Defendant, Quanta Marine Services, LLC ("Quanta"), is a Delaware limited liability company, registered to do and doing business in Louisiana.

4.

During all relevant times, Quanta was the owner and operator of the derrick barge BISSO SUBSEA VISION ("BSV").

5.

During all relevant times, Bisso Properties owned, and Bisso Marine was the lessee and operator of, the wharf known as the Bisso New Orleans wharf (the "Wharf"), located at the foot of Walnut Street in New Orleans, Louisana.

6.

In December 2018, the BSV was moored outboard of the spacer barge MCD 358 (the "Spacer Barge") at the Wharf.

7.

Between December 17 and December 20, 2018, Quanta employees deballasted the BSV, causing her to rise in the water alongside the Spacer Barge while moored at the Wharf.

8.

The Quanta employees failed to adequately slack the mooring lines connecting the BSV to the Spacer Barge throughout the de-ballasting process, causing the lines between those vessels to become excessively tight as the BSV rose in the water.

9.

Quanta's failure to properly monitor the deballasting process and regularly and adequately slack the mooring lines resulted in the BSV raising the outboard side of the Spacer Barge out of

the water, which in turn drove the wharf-side of the Spacer Barge down into the Wharf pilings, causing extensive structural damage to the Wharf and damaging two large Yokohama fenders.

10.

Bisso Marine had a marine surveyor survey the Wharf on December 27, 2018. The marine surveyor determined that the damage to the Wharf was caused by Quanta's failure to slack the BSV's mooring and winch wires during the deballasting operation.

11.

Despite amicable demand, Quanta has not paid Bisso for the over $140,000.00 in repair costs for the damage to the Bisso Wharf caused by the negligence of Quanta's employees and vessel.

12.

Prior to and after the period described above, Quanta stored various equipment at the Bisso yard in New Orleans, Louisiana (the "Yard"). The equipment, upon information and belief, was used or intended for use on one or more Quanta vessels and consisted of the following (collecting the "Equipment"):

1. One 40-foot conex box with contents
2. Two 20-foot conex boxes with contents
3. One Yokohama fender
4. One PDI halftrack roller
5. One PDI adjustable endo roller
6. Three Rockaway pipe joints

13.

There is a course of dealing and course of performance between Quanta and Bisso whereby Bisso allowed Quanta to store equipment on Bisso's property in exchange for payment pursuant to Bisso's standard rate sheet. Quanta paid for such services prior to and during the relevant period.

14.

Despite amicable demand, Quanta has not paid storage fees for the Equipment since January 31, 2019, resulting in over $375,000.00 in storage fees, which continue to accrue.

15.

All and singular, the foregoing is true and correct and within the admiralty and maritime jurisdiction of this Honorable Court.

16.

Bisso reserves the right to supplement and amend this Complaint as necessary and appropriate through the discovery of additional information relevant hereto.

**Count One: General Maritime Law Negligence**

17.

Bisso repeats, re-alleges, and incorporates as if fully set forth herein Paragraphs 1-16 above.

18.

As set forth above, Quanta failed to exercise reasonable care in the operation of its vessel the BISSO SUBSEA VISION, resulting in physical damage to Bisso's Wharf and other property and related economic damages.  Quanta is liable to Bisso for the full repair cost of the Wharf and other property, and all related economic damages caused by the incident and any additional amounts proved at trial of this matter, including pre-judgment interest, attorney's fees and costs.

**Count Two: Breach of Contract**

19.

Bisso repeats, re-alleges, and incorporates as if fully set forth herein Paragraphs 1-16 above.

20.

Bisso's agreement to store the Equipment at the Bisso Yard was conditioned on Quanta's payment for such services pursuant to Bisso's standard rate sheet terms. Quanta agreed to and performed pursuant to those same terms during the course of Bisso and Quanta's business relationship. Quanta's failure to pay for storage of the Equipment is a breach of those terms and the course of dealing and course of performance between the parties. Quanta is liable to pay the outstanding balance of over $375,000.00 in storage fees, which continue to accrue and any additional amounts proved at trial of this matter, including pre-judgment interest, attorney's fees and costs.

## **Count Three: Unjust Enrichment/Quantum Meruit**

21.

Bisso repeats, re-alleges, and incorporates as if fully set forth herein Paragraphs 1-16 above.

22.

In the alternative to County Two, Bisso has suffered impoverishment due to Quanta's non-payment of the storage fees, there is a connection between the enrichment and resulting impoverishment, Quanta has no justification for its refusal to pay for Bisso's storage services, and no other remedy at law is available for the recovery for the valid and reasonable sums due Bisso. Therefore, Quanta is liable to Bisso in the amount of over $375,000.00 in storage fees, which continue to accrue, and any additional amounts proved at trial of this matter, including pre-judgment interest, attorney's fees and costs.

WHEREFORE, Plaintiffs, Bisso Marine, LLC and Bisso Properties, Inc. pray that defendant Quanta Marine Services, LLC be served with this Complaint and that, after due proceedings are had there be judgment in favor of Plaintiffs against Defendant for all expenses, damages and losses sustained as a result of the disputes described above, including attorney's fees, pre-judgment interest and costs, as well as all other relief to which Plaintiffs may be entitled under law, contract, or equity.

Respectfully submitted,

/s/ David L. Reisman
David L. Reisman (LA Bar #21833)
Raymond T. Waid (LA Bar #31351)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
dreisman@liskow.com
rwaid@liskow.com

*Attorneys for Bisso Marine, LLC and Bisso Properties, Inc.*